IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ROBERT STOTT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO: _____ |
| § | |
| TA OPERATING LLC D/B/A § | JURY TRIAL DEMANDED |
| TRAVELCENTERS OF AMERICA LLC, § | |
| § | |
| Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff ROBERT STOTT complaining of TA OPERATING LLC D/B/A TRAVELCENTERS OF AMERICA, LLC and for cause of action would show the following:

### A. JURISDICTION AND VENUE

1. The Honorable Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000 and is between citizens of different states.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because defendant resides in this district and a substantial part of the events or omissions giving rise to this claim occurred in this district.

### B. PARTIES

3. Plaintiff, ROBERT STOTT, is a resident of Florida. Plaintiff resides at 4327 Floridatown Road, Pace, Florida 32571. Plaintiff was a permanent resident of the State of Florida when the events or omissions giving rise to this lawsuit occurred.

1

4. Defendant TA OPERATING LLC d/b/a TRAVELCENTERS OF AMERICA, LLC (hereinafter "Defendant") is a foreign limited liability company engaged in business in the State of Texas and may be served with citation by serving its registered agent: Corporation Service Company D/B/A CSC-Lawyers Incorporating Service, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## C. Facts

5. Defendant is in the business of operating and franchising travel centers primarily in the United States. Defendant's truck centers offer a broad range of product and services, including but not limited to, selling diesel fuel and gasoline and truck repair and maintenance services.

6. On February 13, 2013, Defendant was the possessor of the property in question and leased or owned, occupied or maintained the premises located at 6800 Thompson Road, Baytown, Texas 77522 as a business operation doing business as a truck service station (hereinafter the "Premises").

7. On such date, Plaintiff, Mr. Robert Stott, entered upon said Premises as an invitee for the purpose of purchasing services, specifically to have a tire repaired on his commercial vehicle.

8. After Defendant completed repairing Mr. Stott's tire, Mr. Stott entered the repair area to pull his commercial vehicle out of the repair bay. As Mr. Stott walked to his vehicle, he stepped on a grate which collapsed and caused him to fall and sustain significant injuries.

9. Defendant made no effort to warn Mr. Stott of this unreasonably dangerous condition, nor did Defendant make any effort to protect Mr. Stott from the unreasonably dangerous condition.

10. Mr. Stott did not have knowledge of the dangerous condition and could not have reasonably been expected to discover it prior to his fall.

11. Defendant knew or reasonably should have known of the dangerous condition and neither corrected, properly maintained it nor warned Mr. Stott of it.

12. Defendant's acts or omissions constitute negligence, and such negligence was a proximate cause of the occurrence in question and Mr. Stott's resulting injuries.

### D. CAUSES OF ACTION

#### 1. Negligence

13. Plaintiff incorporates by reference all preceding and successive paragraphs of this Plaintiff's Original Complaint in their entirety as though fully set forth in this cause of action and further alleges as follows:

14. Defendant had a duty to use ordinary care to keep the Premises safe and to ensure that the Premises did not present a danger to Mr. Stott. This duty includes the duty to inspect the Premises for dangerous conditions and to reduce or eliminate any risk of harm to Mr. Stott or other invitees. Defendant also had a duty to warn or to cure of those dangerous conditions of which Defendant knew or should have known existed. Defendant breached this duty of ordinary care by various acts and omissions in at least the following ways:

    a. Failure to keep Premises reasonably safe for invitees;

    b. Failure to inspect the Premises for dangerous conditions posed to invitees such as Mr. Stott;

    c. Failure to ensure that its employees give warnings to Mr. Stott of the dangerous condition;

    d. Failure to ensure that its employees correct any dangerous conditions;

    e. Failure to give adequate and comprehensible warning to Mr. Stott of the dangerous condition;

- f. Failure to adequately train its employees in locating, preventing, removing and warning others about dangerous conditions;

- g. Failure to adequately recruit employees who can locate, prevent, remove and warn dangerous conditions;

- h. Failure to adequately select/hire employees who can locate, prevent, remove and warn dangerous conditions;

- i. Failure to adequately supervise its employees to ensure that are locating, preventing, removing, and warning others of dangerous conditions;

- j. Failure to properly maintain equipment so that it does not create an unreasonably safe condition; and

- k. Failing to use reasonable care to prevent the employees, agents and other representatives of the Defendants from causing an unreasonable risk of harm to Mr. Stott.

15. Each and all of the above stated acts and/or omissions, taken separately or together, constitute negligence and the same are a direct and proximate cause of the severe and permanent injuries and damages sustained by Mr. Stott.

## E. Respondent Superior

16. Plaintiff incorporates by reference all preceding and successive paragraphs of this Plaintiff's Original Complaint in their entirety as though fully set forth in this cause of action and further alleges as follows:

17. Mr. Stott alleges that Defendant is responsible for the acts and/or omissions of its employees, agents, representatives, and servants under the Doctrine of Respondent Superior. Under said Doctrine, Defendant is responsible for all damages resulting from the negligent acts and/or omissions of its employees, agents, representatives, and servants as said employees were acting within the course and score of their employment with Defendant.

18. At all times material hereto, all of the agents, servants, or employees of Defendant, that were in any way connected to this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.

### F. DAMAGES

#### 1. Compensatory Damages

19. Plaintiff incorporates by reference all preceding and successive paragraphs of this Plaintiff's Original Complaint in their entirety as though fully set forth in this cause of action and further alleges as follows:

20. Mr. Stott seeks and is entitled to have the Jury consider what sum of money that, if paid in cash, would fairly and reasonably compensate Mr. Stott for his injuries and damages. Mr. Stott seeks all damages to which he is entitled under Texas law. Those elements of damages (both in the past and in the future) include but are not limited to, the following:

   a. Physical pain and suffering;

   b. Mental anguish, severe emotional distress and loss of the full enjoyment of life;

   c. Medical expenses that have been and will be necessarily incurred for the treatment of Plaintiff's injuries;

   d. Loss of earning capacity and lost wages;

   e. Damages resulting from the physical and mental impairment that Plaintiff has suffered and will continue to suffer, and the resulting inability to perform and experience those tasks and services that he ordinarily would have been able to perform and experience before his injuries; and

   f. Disfigurement.

### G. Request for Jury Trial

21. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury.

WHEREFORE PREMISES CONSIDERED ROBERT STOTT prays that the TA OPERATING LLC D/B/A TRAVELCENTERS OF AMERICA, LLC be cited to appear, and that he be granted judgment against them for compensatory damages, costs of suit, prejudgment interest, and post-judgment interest. Robert Stott prays for such other and further relief to which he may be entitled.

Respectfully submitted,

**FIBICH ♦ HAMPTON**
**LEEBRON ♦ BRIGGS ♦ JOSEPHSON LLP**

By: s/ Gregory Q. Fibich
Gregory Q. Fibich
Fed. Id. 1010284
Texas Bar No. 24059745
1150 Bissonnet
Houston, Texas 77005
(713) 751-0025 Telephone
(713) 751-0030 Facsimile
gfibich@fhl-law.com

**ATTORNEYS FOR PLAINTIFF**